UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATIONAL ORGANIZATION FOR
MARRIAGE, INC.,
        Plaintiff,

v.                                                      C.A. No. 10-392-ML

JOHN DALUZ, in his official capacity as chairman of
the Rhode Island Board of Elections; FRANK REGO, in
his official capacity as vice chairman of the Rhode Island
Board of Elections; and RICHARD DUBOIS, FLORENCE
GORMLEY, MARTIN JOYCE, JR., RICHARD PIERCE,
and WILLIAM WEST, in their official capacities as members
of the Rhode Island Board of Elections,
        Defendants.

## ORDER

On September 21, 2010, National Organization for Marriage, Inc. ("NOM") filed a "verified" complaint in this court seeking declaratory and injunctive relief. The complaint challenges certain provisions of the Rhode Island Campaign Contributions and Expenditures Reporting Act, R.I. Gen. Laws § 17-25-1 et. seq.

The Court has reviewed the complaint and finds that it violates Fed R. Civ. P. 8. See Water Keeper Alliance v. United States Department of Defense, 199 F.R.D. 445 (D.P.R. 2001) (court has discretion to enforce Rule 8 with or without motion). Fed. R. Civ. P. 8 provides that a "pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The short and plain statement must give "the defendant[s] fair notice of what the . . . claim is and the grounds upon

which it rests," Gargano v. Liberty International Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal quotation marks and citation omitted), and a "meaningful opportunity to mount a defense. . . ." Conley v. Massachusetts, Civil Action No. 09-11108-NG, 2009 WL 2096207 at *4 n.5 (D. Mass. July 7, 2009) (internal quotation marks and citation omitted).

Rule 8 requires that each averment be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." Laurence v. Wall, No. CA 07-081 ML, 2007 WL 1875794 at *1 (D.R.I. June 27, 2007). "The statement should be plain because the principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." Id. (emphasis added). This principle is particularly important in light of the requirement that a defendant "plead one of three alternatives in response to all of the allegations in a complaint . . . ." Indiana Regional Council of Carpenters Pension Trust Fund v. Fidelity & Deposit Co. of Maryland, No. 2:06-CV-32-PPS-PRC, 2006 WL 3302642 at *2 (N.D. Ind. Nov. 9, 2006) (emphasis added); Fed. R. Civ. P. 8(b).

The complaint in this case is replete with legal argument and conclusory statements (see e.g. ¶¶ 9, 17, 26, 43, 44, 45, 46, 48, 50, 52, 53, 54, 55, 56, and others), citations to cases and statutes (at least 85, exclusive of cites to the challenged Rhode Island statutes), and forty-two footnotes (some of which contain factual assertions (see e.g. footnotes 14, 19, 30, 31) and some of which seek alternate forms of relief (see e.g footnotes 41, 42)). The pertinent factual allegations in the complaint are buried in those conclusory and argumentative passages. As such, this complaint "places an unjustified burden on the [Court] and the part[ies] who must respond to

it because they are forced to ferret out the relevant material from a mass of verbiage." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1281 at 709 (3d ed. 2004).

For the reasons outlined above, the complaint is DISMISSED without prejudice. NOM may, if it so chooses, on or before October 7, 2010, file an amended complaint that comports with the requirements of the Federal Rules of Civil Procedure.

SO ORDERED

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
September 30, 2010