In the United States District Court
for the District of Rhode Island

| | |
|---|---|
| **National Organization for Marriage, Inc.,**<br><br>*Plaintiff*<br><br>v.<br><br>**John Daluz,** in his official capacity as chairman of the Rhode Island Board of Elections; Frank Rego, in his official capacity as vice chairman of the Rhode Island Board of Elections; and Richard Dubois, Florence Gormley, Martin Joyce, Jr., Richard Pierce, and William West, in their official capacities as members of the Rhode Island Board of Elections,<br><br>*Defendants* | Civil Action No. 10-392-ML |

**Plaintiff's Motion to Stay Proceedings**

Plaintiff, National Organization for Marriage, Inc. ("NOM"), asks this Court to stay all proceedings in this Court pending the outcome of NOM's appeal currently pending in the First Circuit Court of Appeals. NOM filed the appeal pursuant to 28 U.S.C. § 1292(a)(1) and filed its opening brief on the same day it filed this motion to stay proceedings.

The resolution of the issues on appeal will effectively determine whether Defendants' motion to dismiss[1] should be granted. Indeed, Plaintiff's opening brief on appeal and its response to the motion to dismiss filed today in this Court have nearly identical legal arguments. As the issues presented in the motion to dismiss are already on appeal, this Court should stay any further proceedings in this action pending the resolution of the appeal.

Not staying this action would waste judicial resources as well as waste the resources of

---

[1] Doc. 42.

1

the parties to this litigation. Regardless of the order entered by this Court on the motion to dismiss, the First Circuit will still evaluate the precise issues presented in the motion to dismiss when it rules on NOM's constitutional challenges. Any action taken by this Court at this time will mean doing the work of evaluating these issues twice, once by this Court and once by the First Circuit. Staying this action means the work need only be done once.

Also, ruling on the motion to dismiss could mean the unnecessary duplication of additional filings in the Court of Appeals and an unnecessarily prolonged period of litigation of these issues. The substance of any additional filings in the Court of Appeals would likely be the same as the current filings as only titles, procedural history, or actual orders appealed from would differ. Yet, counsel from both sides would likely be required to duplicate efforts to have the Court of Appeals reach the same results on the same issues already before it. In short, ruling on the motion to dismiss prior to a final resolution in the Court of Appeals will waste judicial resources, create unnecessary work for both sides, and will not aid in the cause of justice.

For these reasons, NOM respectfully requests that this Court stay all proceedings in this matter, including any hearings or rulings on motions pending before this Court.

    Respectfully submitted,

/s/ Stephen A. Izzi
Stephen A. Izzi
Rhode Island No. 2928
MOSES & AFONSO, LTD.
160 Westminster Street, Suite 400
Providence, R. I. 02903
Telephone (401) 453-3600
Facsimile (401) 453-3699
SIzzi@MosesAfonso.com
*Local Counsel for Plaintiff*

James Bopp, Jr., Ind. No. 2838-84
Randy Elf, New York No. 2863553
Jeffrey Gallant, Va. No. 46876
JAMES MADISON CENTER FOR FREE SPEECH
1 South Sixth Street
Terre Haute, Ind. 47807
Telephone (812) 232-2434
Facsimile (812) 235-3685
bcb@BoppLaw.com
*Lead Counsel for Plaintiff*

January 12, 2011

2

**Certificate of Service**

    I certify that on January 12, 2011, I electronically filed the foregoing **Plaintiff's Motion to Stay Proceedings** with the clerk of court using the CM/ECF system, which will notify the following CM/ECF participants:

Thomas R. Bender
trb@hansoncurran.com

Michael J. Daly
mdaly@pierceatwood.com, mgosetti@pierceatwood.com

Michael W. Field
mfield@riag.ri.gov, kdejoseph@riag.ri.gov

Rebecca Tedford Partington
rpartington@riag.ri.gov, mdifonzo@riag.ri.gov

                                              /s/ Stephen A. Izzi
                                              Stephen A. Izzi

January 12, 2011